■ Angelo Lorefice et al., Appellants, v Reckson Operating Partnership, L.P., Respondent. [703 NYS2d 507] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Underwood, J.), dated March 31, 1999, which granted the defendant's motion for summary judgment dismissing the complaint and denied their cross motion, *inter alia,* for partial summary judgment and further discovery proceedings, and (2) a judgment of the same court, entered June 9, 1999, which dismissed the complaint. The plaintiffs' notice of appeal from the order is deemed also to be a notice of appeal from the judgment entered thereon (*see,* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, so much of the order as granted the defendant's motion is vacated, the defendant's motion is denied, and the complaint is reinstated; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The defendant contracted with G.P. Electric (hereinafter G.P.) to remove electrical power panels from columns in a building it owned. The plaintiff Angelo Lorefice, who was employed by G.P., was severely injured when an electrical panel he was working on gave him a shock. The plaintiffs commenced this action in which they alleged causes of action under Labor Law §§ 200 and 241 (6). The cause of action under Labor Law § 241 (6) was based on a violation of a provision of the State Industrial Code (12 NYCRR 23-1.13 [b] [4]), which requires that workers who may come into contact with an

electric power circuit be protected against electric shock "by de-energizing the circuit and grounding it or by guarding such circuit by effective insulation or other means" (*Snowden v New York City Tr. Auth.*, 248 AD2d 235, 236).

The Supreme Court erred in dismissing the complaint on the ground that Lorefice assumed the risk of such an injury. Labor Law § 241 (6) imposes a nondelegable duty of reasonable care upon an owner or general contractor to provide reasonable and adequate protection to workers on the premises (*see, Rizzuto v Wenger Contr. Co.,* 91 NY2d 343). The violation of an explicit and concrete provision of the State Industrial Code by a participant in the construction project constitutes some evidence of negligence for which the owner or general contractor may be held vicariously liable. The owner or general contractor may raise any valid defense to the imposition of vicarious liability under Labor Law § 241 (6), including contributory and comparative negligence (*see, Rizzuto v Wenger Contr. Co., supra*; *Long v Forest-Fehlhaber,* 55 NY2d 154).

The defendant's contention that Lorefice made a decision to work at a live electrical panel with full knowledge of the risk of an electrical shock is relevant to the issue of Lorefice's comparative negligence (*see, e.g., Drago v New York City Tr. Auth.,* 227 AD2d 372; *see generally, Arbegast v Board of Educ.,* 65 NY2d 161, 166-168). The doctrine of primary assumption of the risk, relied upon by the defendant, acts as a complete bar to recovery on the theory that the plaintiff consented to the risk (*see, Turcotte v Fell,* 68 NY2d 432, 437-439). This doctrine has generally been applied to sporting and recreational activities (*see, Stirpe v Maloney & Sons,* 252 AD2d 871; *Comeau v Wray,* 241 AD2d 602; *see generally, Morgan v State of New York,* 90 NY2d 471) but will not bar a claim under Labor Law § 241 (6). Accordingly, the defendant's motion for summary judgment should have been denied.

Although the plaintiffs established a prima facie violation of 12 NYCRR 23-1.13 (b) (4) by the defendant, there are triable issues of fact as to the defendant's liability, including whether Lorefice was negligent in failing to use an insulated mat which was available on the premises (*see, Snowden v New York City Tr. Auth., supra*). That branch of the plaintiffs' cross motion which was for partial summary judgment on the defendant's liability under Labor Law § 241 (6) was therefore properly denied.

Finally, the plaintiffs' contentions with respect to the Supreme Court's denial of those branches of their cross motion which were for further discovery proceedings are without merit. O'Brien, J. P., Friedmann, Florio and Schmidt, JJ., concur.