■ CEZARY TWOREK et al., Respondents, v MUTUAL HOUSING ASSOCIATION OF NEW YORK, INC., Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. FRESH MEADOWS PAINTING CORP., Doing Business as FRESH MEADOWS CONSTRUCTION CONTRACTORS, Third-Party Defendant-Appellant. [719 NYS2d 110] —In an action to recover damages for personal injuries, etc., the third-party defendant Fresh Meadows Painting Corp., d/b/a Fresh Meadows Construction Contractors appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Mason, J.), dated June 10, 1999, as granted the plaintiffs' motion for partial summary judgment on their cause of action pursuant to Labor Law § 240 (1) on the issue of liability, and granted the cross motion of the defendant third-party plaintiff Mutual Housing Association of New York, Inc., for summary judgment against it on the issues of contractual and common-law indemnification.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs, payable to the respondents appearing separately and filing separate briefs.

The injured plaintiff Cezary Tworek (hereinafter the plaintiff), was employed by the third-party defendant Fresh Meadows Painting Corp., d/b/a Fresh Meadows Construction Contractors (hereinafter Fresh Meadows). He fell from an A-frame ladder while installing a structural beam in the ceiling of a building under renovation. The defendant third-party plaintiff Mutual Housing Association of New York (hereinafter MHANY) was the owner of the property and had contracted with Fresh Meadows to perform the renovation. Both the plaintiff and his co-worker, who witnessed the accident, testified at their examination before trial that the ladder was defective.

The Supreme Court properly granted the plaintiff partial summary judgment on the issue of liability on the cause of action pursuant to Labor Law § 240 (1). The plaintiff presented uncontroverted evidence that he fell as the result of the defective condition of the ladder with which he had been provided, thus establishing a prima facie case entitling him to summary judgment (*see, Sinzieri v Expositions, Inc.,* 270 AD2d 332). Fresh Meadows failed to raise a triable issue of fact that the plaintiff's injuries were caused by anything other than the defective condition of the ladder (*see, Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Sinzieri v Expositions, Inc., supra*).

The Supreme Court also properly determined that MHANY was entitled to summary judgment against Fresh Meadows on the issues of contractual and common-law indemnification. It is

well settled that an owner who is only vicariously liable under the Labor Law may obtain contractual and common-law indemnification from the party wholly at fault (*see, Chapel v Mitchell,* 84 NY2d 345). Here, Fresh Meadows was contractually obligated to provide all the safety equipment used during the project and MHANY established that it neither controlled the plaintiff's activities or the construction procedures employed by the workers at the site. Therefore, MHANY was entitled to summary judgment on the issues of contractual and common-law indemnification (*see, Perez v Spring Cr. Assocs.,* 265 AD2d 314; *see also, Friscia v New Plan Realty Trust,* 267 AD2d 197). S. Miller, J. P., Goldstein, H. Miller and Smith, JJ., concur.