■ MORGAN EDWARDS et al., Respondents, v C&D UNLIMITED, INC., Appellant, et al., Defendants. [743 NYS2d 876] —In an action to recover damages for personal injuries, etc., the defendant C&D Unlimited, Inc., appeals, as limited by its notice of

appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Kitson, J.), dated February 6, 2001, as granted the plaintiffs' cross motion for partial summary judgment on the issue of liability on their Labor Law § 241 (6) claims.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion is denied.

Generally, Labor Law § 241 (6) imposes a nondelegable duty of reasonable care upon an owner or general contractor to provide reasonable and adequate protection to workers, and a violation of an explicit and concrete provision of the Industrial Code by a participant in the construction project constitutes some evidence of negligence for which the owner or general contractor may be held vicariously liable (*see Rizzuto v Wenger Contr. Co.,* 91 NY2d 343; *Lorefice v Reckson Operating Partnership,* 269 AD2d 572). However, the owner or general contractor may raise any valid defense to the imposition of liability under Labor Law § 241 (6), including contributory and comparative negligence (*see Rizzuto v Wenger Contr. Co., supra*). Here, contrary to the plaintiffs' contention, issues of fact exist as to the injured plaintiff's comparative negligence (*see Rizzuto v Wenger Contr. Co., supra; Long v Forest-Fehlhaber,* 55 NY2d 154; *Amirr v Calcagno Constr. Co.,* 257 AD2d 585). Accordingly, the Supreme Court should have denied the plaintiffs' cross motion for partial summary judgment on the issue of liability on their Labor Law § 241 (6) claims. Smith, J.P., O'Brien, McGinity and Townes, JJ., concur.