■ Daniel Blair, Appellant, v Richard L. Cristani et al., Respondents. [745 NYS2d 468] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Joseph, J.), dated September 20, 2001, as denied his motion for summary judgment on the issue of liability on his causes of action pursuant to Labor Law § 240 (1) and § 241(6), and granted that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action pursuant to Labor Law § 241 (6).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion for summary judgment on the issue of liability on the causes of action pursuant to Labor Law § 240 (1) and § 241 (6) is granted, and that branch of the cross motion which was for summary judgment dismissing the cause of action pursuant to Labor Law § 241 (6) is denied.

The plaintiff was injured while painting a house owned by the defendants and rented by his parents. The defendants agreed to pay him for his services and supplied him with an extension ladder. As he was painting the house, the ladder slipped from underneath him and he fell to the ground sustaining injuries.

The plaintiff met his burden of establishing that the

defendants failed to provide him with proper protection under Labor Law § 240 (1), and that such failure was a proximate cause of his injuries. He presented evidence that the accident occurred when an unsecured ladder slipped from underneath him, causing him to fall and sustain injuries (*see Guzman v Gumley-Haft, Inc.,* 274 AD2d 555; *Kinsler v Lu-Four Assoc.,* 215 AD2d 631; *Whalen v Sciame Constr. Co.,* 198 AD2d 501). In opposition, the defendants failed to adduce evidence in admissible form sufficient to raise an issue of fact as to the manner in which the accident occurred (*see Dudek v Sinisi,* 199 AD2d 800; *Matter of Damon J.,* 144 AD2d 467). Thus, the plaintiff is entitled to summary judgment on the cause of action pursuant to Labor Law § 240 (1).

The plaintiff is also entitled to summary judgment on the cause of action pursuant to Labor Law § 241 (6) and the branch of the defendant's motion which was to dismiss that cause of action should have been denied. Contrary to the determination of the Supreme Court, the activity in which the plaintiff was engaged when he was injured falls within the scope of Labor Law § 241 (6) (*see* 12 NYCRR 23-1.4 [b] [13]; *Cornacchione v Clark Concrete Co.,* 278 AD2d 800; *Vernieri v Empire Realty Co.,* 219 AD2d 593, 595). The plaintiff met his burden of establishing a violation of the Industrial Code, and that such violation was a proximate cause of his injuries (*see* 12 NYCRR 23-1.21 [b] [4] [iv]). In opposition, the defendants failed to present any evidence in admissible form to raise a triable issue of fact as to their liability under Labor Law § 241 (6). Santucci, J.P., Altman, S. Miller and H. Miller, JJ., concur.