■ DOUGLAS GRANILLO, Respondent, v DONNA KAREN CO., Defendant and Third-Party Plaintiff, and RICHTER & RATNER CONTRACTING CORP. et al., Defendants and Third-Party Plaintiffs-Appellants. ALL CITY INTERIOR CONTRACTING, INC., Third-Party Defendant-Respondent. [793 NYS2d 465]—

In an action to recover damages for personal injuries, the defendants third-party plaintiffs Richter & Ratner Contracting Corp. and Hernasco Warehouse, Inc., appeal from an order of the Supreme Court, Kings County (Ambrosio, J.), dated March 26, 2004, which granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging violation of Labor Law § 240 (1), granted the third-party defendant's motion for summary judgment dismissing the third-party complaint, and denied their motion for summary judgment on the issue of contractual indemnification against the third-party defendant.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff established the appellants' liability pursuant to Labor Law § 240 (1). The plaintiff demonstrated, prima facie, that he fell from an unsecured ladder, and that the failure to secure the ladder was the proximate cause of his injuries (see Bland v Manocherian, 66 NY2d 452 [1985]; Schuler v Kings Plaza Shopping Ctr. & Mar., 294 AD2d 556, 558 [2002]; Lacey v Turner Constr. Co., 275 AD2d 734, 735 [2000]; Skalko v Marshall's Inc., 229 AD2d 569, 570 [1996]). The appellants failed to raise a triable issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).

The third-party defendant was entitled to summary judgment dismissing the third-party complaint. The third-party defendant established, prima facie, that the subject indemnification agreement was executed after the plaintiff's accident (cf. Taylor v Doral Inn, 5 AD3d 588, 589 [2004]; Stabile v Viener, 291 AD2d

395 [2002]). In opposition, the appellants failed to raise a triable issue of fact (*see generally Zuckerman v City of New York, supra*). Florio, J.P., S. Miller, Luciano and Mastro, JJ., concur.