■ JAMES MULHERN et al., Respondents, v MANHASSET BAY YACHT CLUB, Defendant and Third-Party Plaintiff-Respondent. COSTELLO MARINE CONTRACTING CORP., Third-Party Defendant-Appellant. [803 NYS2d 90]—

In an action, inter alia, to recover damages for personal injuries, etc., the third-party defendant appeals from (1) an order of the Supreme Court, Queens County (Spires, J.), dated September 10, 2003, which denied its motion pursuant to CPLR 4404 to set aside a jury verdict in favor of the plaintiffs and the defendant third-party plaintiff and against it on the issue of liability, and (2) an interlocutory judgment of the same court, entered February 18, 2004, which is in favor of the plaintiffs and the defendant third-party plaintiff and against it on the issue of liability.

Ordered that the order and the interlocutory judgment are affirmed, with costs.

Contrary to the appellant's contentions, the injuries sustained by the plaintiff James Mulhern as a result of contact with a load of timber being hoisted by a barge-mounted crane fell within the ambit of Labor Law § 241 (6) (*cf. Cammon v City of New York,* 21 AD3d 196 [2005]; *Sutherland v City of New York,* 266 AD2d 373 [1999]). Generally, Labor Law § 241 (6) imposes a nondelegable duty of reasonable care upon an owner or general contractor to provide reasonable and adequate protection to workers, and a violation of a concrete safety specification of the Industrial Code by a subcontractor on the construction project constitutes some evidence of negligence for which the owner or general contractor may be held vicariously liable (*see Rizzuto v L.A. Wenger Contr. Co.,* 91 NY2d 343, 348-349 [1998]; *Edwards v C&D Unlimited,* 295 AD2d 310 [2002]; *Lorefice v Reckson Operating Partnership,* 269 AD2d 572 [2000]). Here, the plaintiffs alleged, inter alia, violations of 12 NYCRR 23-8.1, which governs safe operation of "mobile cranes, tower cranes and derricks." Although certain provisions within 12 NYCRR 23-8.2 (b) concerning outriggers and footings can only apply to land-based mobile cranes, the provisions which the jury found to have been violated herein are equally applicable to barge-mounted mobile cranes (*see e.g.* 12 NYCRR 23-8.1 [e] [4]; [f] [1] [iv]; 23-8.2 [c] [3]; 23-8.5 [c]). In the absence of any authority to the contrary, we decline to hold that 12 NYCRR part 23-8 applies exclusively to land-based mobile cranes.

The appellant's remaining contentions are without merit. Florio, J.P., S. Miller, Luciano and Mastro, JJ., concur.