■ JAMES A. LOSURDO, Appellant-Respondent, v SKYLINE AS-SOCIATES, L.P., et al., Respondents-Appellants. SKYLINE ASSOCIATES, L.P., Third-Party Plaintiffs-Appellants-Respondents, v ASBESTOS FREE, INC., Third-Party Defendant-Respondent-Appellant. [807 NYS2d 249]—

Appeals and cross appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered December 22, 2004 in a personal injury action. The order, inter alia, denied plaintiff's motion for partial summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of the motion with respect to defendant Skyline Associates, L.P., granting those parts of the cross motion with respect to the Labor Law § 240 (1) and § 241 (6) claims against defendants Longley-Jones Association, Inc. and Longley-Jones Management Corp. and dismissing the Labor Law § 240 (1) claim and § 241 (6) claim in its entirety against those defendants, denying those parts of the cross motion with respect to the Labor Law § 200 claim and common-law negligence cause of action and reinstating that claim and cause of action, and denying that part of the cross motion with respect to the amended third-party complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when the stepladder he was ascending tipped, causing plaintiff to fall to the floor. At the time of the accident plaintiff was employed by third-party defendant, which had contracted with defendant Skyline Associates, L.P. (Skyline) for asbestos abatement and reinsulation work at an apartment complex owned by Skyline and managed by defendants Longley-Jones Association, Inc. and Longley-Jones Management Corp. (collectively, Longley-Jones).

Supreme Court properly denied defendants' cross motion insofar as it sought summary judgment dismissing the Labor Law § 240 (1) claim against Skyline but erred in denying that part of plaintiff's motion for partial summary judgment on Labor Law § 240 (1) liability against Skyline. Plaintiff met his burden of establishing that the stepladder provided to him was inadequate to protect him from the elevation-related risk to which he was exposed (*see Nephew v Klewin Bldg. Co., Inc.*, 21 AD3d 1419 [2005]), based upon the failure to secure the steplad-

der (*see Granillo v Donna Karen Co.*, 17 AD3d 531 [2005]) and the improper placement of the stepladder on an uneven surface (*see Klein v City of New York*, 89 NY2d 833, 835 [1996]; *Petit v Board of Educ. of W. Genesee School Dist.*, 307 AD2d 749 [2003]). Skyline failed to raise a triable issue of fact whether the accident was caused by anything other than the violation of the statute (*see Smith v Pergament Enters. of S.I.*, 271 AD2d 870, 872-873 [2000]). The court also properly denied defendants' cross motion insofar as it sought summary judgment dismissing the Labor Law § 241 (6) claim against Skyline based on the alleged violation of 12 NYCRR 23-1.21 (e) (3). That regulation is sufficiently specific to support a Labor Law § 241 (6) claim (*see Enderlin v Hebert Indus. Insulation*, 224 AD2d 1020, 1021 [1996]), and Skyline failed "to establish in the first instance that [it] did not violate the regulation[ ], that the regulation[ ] [is] not applicable to the facts of this case, or that such violation was not a proximate cause of the accident" (*Piazza v Ciminelli Constr. Co.*, 2 AD3d 1345, 1349 [2003]). The court erred, however, in denying defendants' cross motion insofar as it sought summary judgment dismissing the Labor Law § 240 (1) claim and the section 241 (6) claim in its entirety against Longley-Jones. Defendants established that Longley-Jones is not a contractor or an owner, nor did it have "contractual or other actual authority to control the activity bringing about [plaintiff's] injury" to render it liable as an agent for purposes of liability under those sections of the Labor Law (*Scally v Regional Indus. Partnership*, 9 AD3d 865, 868 [2004] [internal quotation marks omitted]; *see Williams v Maloziec*, 15 AD3d 877 [2005]), and plaintiff and third-party defendant failed to raise a triable issue of fact.

The court also erred in granting defendants' cross motion insofar as it sought summary judgment dismissing the Labor Law § 200 claim and common-law negligence cause of action. Defendants failed to meet their initial burden of establishing that they had no actual or constructive notice of the allegedly unsafe condition or that such condition did not cause the accident (*see Brennan v Carriage House Motor Cars*, 224 AD2d 204, 205 [1996]). Finally, because issues of fact remain with respect to Skyline's alleged negligence, the court erred in conditionally granting defendants' cross motion to the extent that it sought summary judgment on Skyline's cause of action for contractual indemnification in the third-party action (*see McGlynn v Brooklyn Hosp.-Caledonian Hosp.*, 209 AD2d 486 [1994]). We therefore modify the order accordingly. Present— Pigott, Jr., P.J., Green, Pine, Lawton and Hayes, JJ.