■ ROSENDO HERRERA, Appellant, v UNION MECHANICAL OF NY CORP., Defendant, and CHARLES LABOSCO & SON, INC., et al., Respondents. [914 NYS2d 295]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), entered September 14, 2009, as denied his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendants Charles Labosco & Son, Inc., Annchar Realty, LLC, and Lobosco Family Annchar Realty Limited Partnership and granted that branch of the cross motion of those defendants which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendants Charles Labosco & Son, Inc., Annchar Realty, LLC, and Lobosco Family Annchar Realty Limited Partnership is granted, and that branch of the cross motion of those defendants which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them is denied.

"Labor Law § 240 (1) provides special protection to those engaged in the 'erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure' " (*Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 880 [2003], quoting Labor law § 240 [1]; *see Azad v 270 5th Realty Corp.*, 46 AD3d 728, 729 [2007]). To establish liability on a Labor Law § 240 (1)

cause of action, a plaintiff must demonstrate that the statute was violated and that the violation was a proximate cause of his or her injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 [2003]). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the Labor Law § 240 (1) cause of action insofar as asserted against the defendants Charles Labosco & Son, Inc., Annchar Realty, LLC, and Lobosco Family Annchar Realty Limited Partnership (hereinafter collectively the respondents) by demonstrating that he was engaged in repair work covered by Labor Law § 240 (1), as opposed to routine maintenance, when he fell from an unsecured ladder that moved (*see Izrailev v Ficarra Furniture of Long Is.*, 70 NY2d 813, 815 [1987]; *Granillo v Donna Karen Co.*, 17 AD3d 531 [2005]; *Mannes v Kamber Mgt.*, 284 AD2d 310, 311 [2001]; *Neville v Deters*, 175 AD2d 597 [1991]; *Hakes v Tops Mkts., LLC*, 10 Misc 3d 1079[A], 2004 NY Slip Op 51897[U] [2004], *affd* 26 AD3d 729 [2006]). In opposition, the respondents failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the respondents, and should have denied that branch of the respondents' cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them. Covello, J.P., Florio, Eng and Chambers, JJ., concur.