■ John Raynor, Appellant, v Quality Plaza Realty, LLC, et al., Respondents. [922 NYS2d 791]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Woodard, J.), entered August 17, 2010, which denied his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) is granted.

The plaintiff allegedly sustained personal injuries when he fell 17 to 20 feet from an unsecured extension ladder while installing light fixtures in a warehouse. The plaintiff's supervisor told him to use an extension ladder to complete the work

and helped him set up the ladder without providing any means to secure it. Initially, the supervisor braced the extension ladder by holding it while the plaintiff climbed it. Thereafter, the supervisor helped the plaintiff set up the ladder in a different location, again without providing any means to secure it, and left the plaintiff alone to complete the work. After the plaintiff climbed the ladder, the top of the unsecured ladder slipped from the ceiling truss on which it was resting and the base of the ladder slid out from underneath the plaintiff, causing both the ladder and the plaintiff to fall to the floor. Under these circumstances, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability pursuant to Labor Law § 240 (1) (*see Boe v Gammarati*, 26 AD3d 351, 351-352 [2006]; *Granillo v Donna Karen Co.*, 17 AD3d 531, 531 [2005]).

In opposition, the defendants failed to raise a triable issue of fact as to whether there was a statutory violation or the plaintiff's conduct was the sole proximate cause of the accident (*see Boe v Gammarati*, 26 AD3d at 352; *O'Connor v Enright Marble & Tile Corp.*, 22 AD3d 548, 549 [2005]; *compare Robinson v East Med. Ctr., LP*, 6 NY3d 550, 553-555 [2006]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 291 [2003]). Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). Rivera, J.P., Dickerson, Lott and Cohen, JJ., concur.