■ FRANK FUSCA, Appellant, v A & S CONSTRUCTION, LLC, Respondent. (And a Third-Party Action.) [924 NYS2d 463]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Putnam County (O'Rourke, J.), dated November 9, 2009, which, inter alia, denied that branch of his motion which was for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 241 (6) based on a violation of 12 NYCRR 23-1.7 (b) (1), and denied his cross motion for leave to amend the complaint and bill of particulars to assert a cause of action alleging a violation of Labor Law § 240 (1) and to allege a violation of 12 NYCRR 23-1.15, and (2) from an order of the same court dated November 10, 2009, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order dated November 9, 2009, is modified,

on the law, by deleting the provision thereof denying that branch of the plaintiff's cross motion which was for leave to amend the complaint to assert a cause of action alleging a violation of Labor Law § 240 (1), and substituting therefor a provision granting that branch of the cross motion; as so modified, the order dated November 9, 2009, is affirmed; and it is further,

Ordered that the order dated November 10, 2009, is reversed, on the law, and the defendant's motion for summary judgment dismissing the complaint is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff allegedly sustained injuries when he fell from the ground floor to the basement through an unguarded, unfinished stairwell while working in a house under construction. Thereafter, the plaintiff commenced this action alleging violations of Labor Law §§ 200 and 241 (6). The plaintiff later alleged a violation of Labor Law § 240 (1) in his amended bill of particulars.

The plaintiff moved for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 241 (6), and also sought summary judgment on the issue of liability pursuant to Labor Law § 240 (1). The defendant then moved for summary judgment dismissing the complaint. Thereafter, the plaintiff cross-moved for leave to amend the complaint and bill of particulars to assert a cause of action alleging a violation of Labor Law § 240 (1) and to allege a violation of 12 NYCRR 23-1.15. By separate orders dated November 9, 2009, and November 10, 2009, the Supreme Court denied the plaintiff's motion and cross motion, and granted the defendant's motion for summary judgment dismissing the complaint. This appeal ensued.

"Labor Law § 241 (6) imposes a nondelegable duty of reasonable care upon an owner or general contractor to provide reasonable and adequate protection to workers, and a violation of an explicit and concrete provision of the Industrial Code by a participant in the construction project constitutes some evidence of negligence for which the owner or general contractor may be held vicariously liable" (*Edwards v C&D Unlimited*, 295 AD2d 310, 311 [2002]; *see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 350 [1998]). "An owner or general contractor may, of course, raise any valid defense to the imposition of vicarious liability under section 241 (6), including contributory and comparative negligence" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d at 350). Here, in support of the branches of their respective motions which were for summary judgment with respect to so much of the complaint as alleged a violation of Labor Law

§ 241 (6), neither the plaintiff nor the defendant established their prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Thus, while the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 241 (6), the Supreme Court erred in granting that branch of the defendant's motion which was to dismiss that portion of the complaint.

The plaintiff alleged a violation of Labor Law § 240 (1) only in the amended bill of particulars and not in the complaint. Therefore, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability pursuant to Labor Law § 240 (1), since he did not assert a cause of action in the complaint based on a violation of that statute (*see Castleton v Broadway Mall Props., Inc.*, 41 AD3d 410, 411 [2007]; *Webster v Supermarkets Gen. Corp.*, 209 AD2d 405 [1994]).

With respect to so much of the complaint as alleged a violation of Labor Law § 200, the accident arose from an alleged dangerous condition existing on the premises. "When a premises condition is at issue, a property owner is liable under Labor Law § 200 when the owner created the dangerous condition causing an injury or when the owner failed to remedy a dangerous or defective condition of which he or she had actual or constructive notice" (*Chowdhury v Rodriguez*, 57 AD3d 121, 128 [2008]; *see Ortega v Puccia*, 57 AD3d 54, 61 [2008]). Here, the defendant failed to establish, prima facie, that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of that condition. Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was to dismiss so much of the complaint as alleged a violation of Labor Law § 200, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Turning to the plaintiff's cross motion, "[l]eave to amend a pleading should be freely given (see CPLR 3025 [b]), provided that the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit" (*Sheila Props., Inc. v A Real Good Plumber, Inc.*, 59 AD3d 424, 426 [2009]; *see Gitlin v Chirinkin*, 60 AD3d 901, 901-902 [2009]). Here, the Supreme Court should have granted that branch of the plaintiff's cross motion which was for leave to amend the complaint to assert a cause of action alleging a violation of Labor Law § 240 (1), since the proposed amendment

was neither palpably insufficient nor patently devoid of merit, and there was no evidence that the amendment would prejudice or surprise the defendant (*see Lariviere v New York City Tr. Auth.*, 82 AD3d 1165, 1167 [2011]; *Perkins v Loewentheil & Daughters*, 282 AD2d 510, 511 [2001]). However, the Supreme Court properly denied that branch of the plaintiff's cross motion which was for leave to amend the pleadings to allege a violation of 12 NYCRR 23-1.15, which sets standards for safety railings. 12 NYCRR 23-1.15 is inapplicable here because the plaintiff was not provided with safety railings (*see Forschner v Jucca Co.*, 63 AD3d 996, 998-999 [2009]; *Kwang Ho Kim v D & W Shin Realty Corp.*, 47 AD3d 616, 619 [2008]). Angiolillo, J.P., Belen, Chambers and Roman, JJ., concur.