■ ISIDORO MELCHOR, Appellant, v SUKHJINDER SINGH et al., Respondents, et al., Defendant. (And a Third-Party Action.) [935 NYS2d 106]—

The plaintiff was injured when he fell from a ladder while laying bricks in the course of his employment. The plaintiff's employer was a subcontractor hired by the defendant Ricky & Bros. Construction, Inc. (hereinafter Ricky Construction), the general contractor. The defendant Sukhjinder Singh was the owner of the premises and the president of Ricky Construction. The plaintiff was standing on an extension ladder that had old and worn feet. He was placing bricks under an air conditioning unit on the second floor of a building. The ladder was not secured; no one was holding it and the plaintiff had placed small blocks at the bottom to prevent it from moving. At his deposition, the plaintiff testified that, at the time of his fall, the bottom of the ladder slid back, away from the house, and the top of the ladder slid down the side of the house. There were no witnesses to the accident. In an order entered September 7, 2010, the Supreme Court, inter alia, denied the plaintiff's motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against Singh and Ricky Construction (hereinafter together the respondents), concluding that issues of fact existed as to whether the plaintiff fell from the ladder and how he fell. The plaintiff appeals. We reverse the order insofar as appealed from.

The Supreme Court erred in denying the plaintiff's motion. To establish liability under Labor Law § 240 (1), a plaintiff must demonstrate that the defendants violated the statute and that this violation was a proximate cause of his injuries. If the plaintiff's conduct was the sole proximate cause of his injuries, liability under Labor Law § 240 (1) does not attach (see *Tomlins v DiLuna*, 84 AD3d 1064, 1065 [2011]; *Herrnsdorf v Bernard Janowitz Constr. Corp.*, 67 AD3d 640, 642 [2009]; *Chlebowski v Esber*, 58 AD3d 662, 663 [2009]). Where a violation of Labor Law § 240 (1) is a proximate cause of an accident, the plaintiff's conduct, of necessity, cannot be deemed the sole proximate cause (see *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]; *Triola v City of New York*, 62 AD3d 984, 986

[2009]). Conversely, if the plaintiff is solely to blame for the injury, it necessarily means that there has been no statutory violation (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d at 290).

Labor Law § 240 (1) provides that all contractors and owners shall furnish scaffolding, hoists, ladders, or other devices which shall be so constructed, placed, and operated as to give proper protection to a person employed in the erection, demolition, repairing, altering, painting, cleaning, or pointing of a building. Whether a device provides proper protection is a question of fact, except when the device collapses, moves, falls, or otherwise fails to support the plaintiff and his or her materials (*see Duran v Kijak Family Partners, L.P.*, 63 AD3d 992, 994 [2009]; *Tranchina v Sisters of Charity Health Care Sys. Nursing Home*, 294 AD2d 491, 493 [2002]; *Garieri v Broadway Plaza*, 271 AD2d 569 [2000]; *Nelson v Ciba-Geigy*, 268 AD2d 570, 572 [2000]). A fall from a ladder, by itself, is not sufficient to impose liability under Labor Law § 240 (1) (*see Xidias v Morris Park Contr. Corp.*, 35 AD3d 850, 851 [2006]). There must be evidence that the subject ladder was defective or inadequately secured and that the defect, or the failure to secure the ladder, was a substantial factor in causing the plaintiff's injuries (*see Artoglou v Gene Scappy Realty Corp.*, 57 AD3d 460, 461 [2008]; *Williams v Dover Home Improvement*, 276 AD2d 626, 627 [2000]).

Here, at his deposition, the plaintiff testified that at the time of his fall, the bottom of the ladder slid back, away from the house, and the top of the ladder slid down the side of the house. The plaintiff also testified that the plastic at the top of the ladder "wasn't any good anymore" and that the feet of the ladder were old and "weren't any good." The plaintiff testified that the ladder moved while he was working, and that he placed small blocks at the bottom of the ladder to prevent it from moving. He testified that he had previously told his supervisor, Sammy, that he needed someone to hold the ladder while he was on it, but that Sammy never provided anyone to hold the ladder. He told Sammy that the feet on the ladder were old, but Sammy ignored his complaints. On the day before the accident, the plaintiff told Sammy that the ladder was moving a lot. He requested sandbags, which were not provided by his employer.

The plaintiff's testimony established, prima facie, that the ladder was defective and that it moved, causing him to fall. Therefore, the plaintiff also established, prima facie, that the ladder did not provide him with proper protection (*see Raynor v Quality Plaza Realty, LLC*, 84 AD3d 774, 775 [2011]; *Ordonez v C.G. Plumbing Supply Corp.*, 83 AD3d 1021, 1022 [2011]; *Fox v*

*H&M Hennes & Mauritz, L.P.,* 83 AD3d 889, 890 [2011]; *Monioudis v City of New York,* 82 AD3d 945 [2011]; *Herrera v Union Mech. of NY Corp.,* 80 AD3d 564, 565 [2011]; *Gilhooly v Dormitory Auth. of State of N.Y.,* 51 AD3d 719, 720 [2008]; *Sinzieri v Expositions, Inc.,* 270 AD2d 332 [2000]). The defect in the ladder, and the fact that it was not secured, were substantial factors in causing the plaintiff to fall.

The fact that the plaintiff may have been the sole witness to the accident does not preclude an award of summary judgment in his favor (*see e.g. Klein v City of New York,* 89 NY2d 833, 834-835 [1996]). The respondents offered no evidence, other than mere speculation, to undermine the plaintiff's showing of entitlement to judgment as a matter of law, or present a bona fide issue regarding the plaintiff's credibility as to a material fact (*see Fox v H&M Hennes & Mauritz, L.P.,* 83 AD3d at 891; *McCaffery v Wright & Co. Constr., Inc.,* 71 AD3d 842, 843 [2010]; *Rivera v Dafna Constr. Co., Ltd.,* 27 AD3d 545, 546 [2006]). There was no testimony or other evidence offered to show that the plaintiff may not have fallen from the ladder, that the ladder was not defective, or that the ladder did not move. The evidence as to the defective condition of the ladder and the movement of the ladder established, prima facie, that the plaintiff's actions were not the sole proximate cause of the accident.

The respondents failed to raise a triable issue of fact as to whether there was no statutory violation, whether the plaintiff's actions were the sole proximate cause of the accident (*see Raynor v Quality Plaza Realty, LLC,* 84 AD3d at 775; *Ordonez v C.G. Plumbing Supply Corp.,* 83 AD3d at 1022; *Gilhooly v Dormitory Auth. of State of N.Y.,* 51 AD3d at 720), or whether his injuries were caused by anything other than the defective and unsecured ladder (*see Tworek v Mutual Hous. Assn. of N.Y.,* 279 AD2d 469 [2001]; *Sinzieri v Expositions, Inc.,* 270 AD2d at 333).

Furthermore, the evidence shows that no safety equipment, such as a hoist, safety net, harness, or lifeline, was provided at the construction site, as required by Labor Law § 240 (1). The evidence shows that the failure to provide such safety equipment was a proximate cause of the accident. The plaintiff thereby established his prima facie entitlement to judgment as a matter of law on the issue of liability on this ground as well (*see Aguilar v Henry Mar. Serv., Inc.,* 12 AD3d 542, 543 [2004]; *Draiss v Salk Constr. Corp.,* 201 AD2d 698, 699 [1994]). The respondents failed to raise a triable issue of fact in opposition to the plaintiff's prima facie showing. Thus, the Supreme Court should have granted that branch of the plaintiff's motion which

was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the respondents.

The plaintiff also established his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against the respondents. Labor Law § 241 (6) imposes a nondelegable duty of reasonable care upon an owner or general contractor to provide reasonable and adequate protection to workers (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 348 [1998]). A violation of an explicit and concrete provision of the Industrial Code by a participant in a construction project constitutes some evidence of negligence, for which the owner or general contractor may be held vicariously liable (*see Fusca v A & S Constr., LLC*, 84 AD3d 1155, 1156 [2011]; *Mulhern v Manhasset Bay Yacht Club*, 22 AD3d 470, 471 [2005]; *Edwards v C&D Unlimited*, 295 AD2d 310, 311 [2002]). The plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the issue of liability under that statute, insofar as asserted against the respondents, by showing that there were violations of relevant Industrial Code sections, and that such violations were a proximate cause of his injuries (*see Harris v Arnell Constr. Corp.*, 47 AD3d 768 [2008]; *Carriere v Whiting Turner Contr.*, 299 AD2d 509, 511 [2002]; *Blair v Cristani*, 296 AD2d 471, 472 [2002]; *Beckford v 40th St. Assoc. [NY Partnership]*, 287 AD2d 586, 587 [2001]).

12 NYCRR 23-1.21 (b) (3) (iv) provides that a ladder shall not be used if it has any flaw or defect of material that may cause ladder failure. Here, the plaintiff testified that the plastic at the top of the ladder "wasn't any good anymore" and that the feet of the ladder were old and "weren't any good."

12 NYCRR 23-1.21 (b) (4) (ii) provides that all ladder footings shall be firm, and slippery surfaces and insecure objects such as bricks and boxes shall not be used as ladder footings. Here, the plaintiff testified that the feet on the ladder were old and "weren't any good." He testified that he used small blocks at the bottom of the ladder to keep it from moving. Furthermore, the United States Occupational Safety and Health Administration defines slippery surfaces as including, but not limited to, concrete surfaces that are constructed so they cannot be prevented from becoming slippery (*see* 29 CFR 1926.1053 [b] ▮). Taken together, the old and worn feet, the use of blocks, and the concrete surface upon which the ladder was placed, constituted a violation of this Industrial Code provision.

12 NYCRR 23-1.21 (b) (4) (iv) provides that, when work is be-

ing performed from ladder rungs between 6 and 10 feet above the ladder footing, a leaning ladder shall be held in place by a person stationed at the foot of such ladder, unless the upper end of the ladder is secured against side slippage by its position or by mechanical means. This subsection further provides that when work is being performed from ladder rungs higher than 10 feet above the ladder footing, mechanical means for securing the upper end of such ladder against side slippage are required, and the lower end of such ladder shall be held in place by a person unless such lower end is tied to a secure anchorage or safety feet are used. Here, the plaintiff testified that he was working about 8 to 12 meters, or about 26 to 39 feet, above the ground. There is no dispute that no one was holding the bottom of the ladder, and the top of the ladder was not secured in any way.

The expert affidavit submitted by the plaintiff supported the allegations that the respondents violated the provisions of the Industrial Code as set forth above. In opposition, the respondents failed to raise a triable issue of fact as to whether it had committed violations of Industrial Code (12 NYCRR) § 23-1.7 (f); § 23-1.21 (b) (3) (iv); (4) (ii) and (iv), or whether each such violation was a proximate cause of the plaintiff's injuries (*see Blair v Cristani*, 296 AD2d 471, 472 [2002]). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against the respondents.

The plaintiff's remaining contentions are without merit. Florio, J.P., Dickerson, Chambers and Cohen, JJ., concur.