▪ JOZEF KAMINSKI, Respondent, v 22-61 42ND STREET, LLC, Appellant. [935 NYS2d 903]

The plaintiff allegedly was injured while repairing stucco on a building in Queens. He commenced this action against the owner of the building, asserting, among other things, a cause of action pursuant to Labor Law § 240 (1). After discovery was completed, the plaintiff moved for summary judgment on the issue of liability on that cause of action. The plaintiff made a prima facie showing of his entitlement to judgment as a matter of law by submitting evidence that the defendant hired Denton Stoneworks (hereinafter Denton) to repair stucco, that Denton, in turn, engaged the plaintiff to perform the work at an hourly rate, and that during the course of the work, he allegedly was injured when an inadequately secured ladder that he was descending slipped or moved, causing him to fall (*see Raynor v Quality Plaza Realty, LLC*, 84 AD3d 774, 774-775 [2011]; *Herrera v Union Mech. of NY Corp.*, 80 AD3d 564, 565 [2011]). Contrary to the defendant's contention, in opposing the motion, the defendant failed to raise a triable issue of fact as to whether the plaintiff was an employee within the meaning of Labor Law § 240 (1) (*see Singh v City of New York*, 68 AD3d 1095, 1096 [2009]).

Accordingly, the Supreme Court properly granted the plain-

tiff's motion for summary judgment on the issue of liability on the cause of action pursuant to Labor Law § 240 (1). Mastro, A.P.J., Balkin, Dickerson and Chambers, JJ., concur.