■ EXEQUIEL PAGANINI, Respondent, v CONGREGATION ERETZ H'CHAIM, Appellant. [962 NYS2d 683]—

In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated March 16, 2012, as denied those branches of its cross motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) and granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant failed to establish, prima facie, that it is entitled to the homeowners' exemption under Labor Law §§ 240 (1) and 241 (6) (see Lenda v Breeze Concrete Corp., 73 AD3d 987, 989 [2010]).

The plaintiff established, prima facie, that the defendant violated Labor Law § 240 (1) when it provided him with a wet, unsecured ladder lacking rubber feet, and that the violation proximately caused the ladder to shift and the plaintiff to fall to the ground (see Kaminski v 22-61 42nd St., LLC, 91 AD3d 606 [2012]; Melchor v Singh, 90 AD3d 866, 867-868 [2011]). The plaintiff further established, prima facie, that the defendant is not entitled to the protection of the homeowners' exemption under Labor Law § 240 (1) (see DeSabato v 674 Carroll St. Corp., 55 AD3d 656, 659 [2008]; Morelock v Danbrod Realty Corp., 203 AD2d 733 [1994]). In opposition, the defendant failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly denied those branches of the defendant's cross motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) pursuant to the homeowners' exemption, and properly granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). Mastro, J.P., Rivera, Chambers and Miller, JJ., concur.