| Carchi v UWS Prop. Owner LLC |
| --- |
| 2025 NY Slip Op 30004(U) |
| January 2, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 154454/2021 |
| Judge: Sabrina Kraus |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    **HON. SABRINA KRAUS**                    PART                    57M

                                        *Justice*

--------------------------------------------------------------------------------X

JAIME CARCHI,                                            INDEX NO.        154454/2021

                        Plaintiff,                      MOTION DATE      08/23/2024

            - v -                                       MOTION SEQ. NO.    001 001

UWS PROPERTY OWNER LLC,BRAVO BUILDERS,
LLC,CAULDWELL-WINGATE COMPANY, LLC,                      **DECISION + ORDER ON**
                                                        **MOTION**
                        Defendant.

--------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68

were read on this motion to/for                    PARTIAL SUMMARY JUDGMENT            .


### BACKGROUND

In this Labor Law action both parties have moved for summary judgment on Plaintiff's

Labor Law 240(1) claim.  For the reasons set forth below, the motions are denied.

### FACTS

The following facts are not in dispute.

On and prior to January 19, 2021, UWS PROPERTY OWNER LLC ("UWS") owned the

premises known as 2505 Broadway, New York, New York.  UWS hired CAULDWELL-

WINGATE LLC ("Cauldwell"), who had merged with defendant BRAVO BUILDERS LLC

("Bravo"), to be the general contractor for ground up construction of a new building at the

property.  Cauldwell subcontracted the carpentry work to non-party USA Interiors Inc.

 On and before January 19, 2021, Plaintiff was employed by USA Interiors as a carpenter

at the construction project at 2505 Broadway.

**154454/2021   CARCHI, JAIME vs. UWS PROPERTY OWNER LLC ET AL**                    **Page 1 of 5**
  Motion No.  001 001

1 of 5

On January 19, 2021, Plaintiff was transporting from the street to the building a delivery of construction materials-cement sheetrock boards-as directed by the USA Interiors foreman, "Flavio". To perform this task, Plaintiff was provided with an A-frame dolly to move the boards. As Plaintiff and a coworker were attempting to push and turn the dolly, loaded with cement boards, it "tipped over" on Plaintiff.

The following facts are disputed.

Plaintiff alleges that the dolly and the cement boards fell from a height onto Plaintiff's leg/ankle, knocking plaintiff to the sidewalk. Defendant alleges that only the cart fell on Plaintiff and does not agree with the characterization that the boards fell from a height.

Plaintiff estimated that the load he was attempting to move was approximately 1,200 or 1,500 pounds. Plaintiff's expert opines the cart had "multiple 5/8 inch thick 4 X 8 ft. Durock like cement boards" each weighing approximately 97.28 lbs. Defendant asserts that there is no evidence to substantiate the total weight of the load.

## DISCUSSION

To prevail on a motion for summary judgment, the moving party must establish its cause of action or defense sufficiently to warrant the court as a matter of law in directing judgment in its favor. *Winegrad v. New York Univ. Med. Ctr.,* 64 N.Y.2d 851 (1985)*; Zuckerman v. City of New York,* 49 N.Y.2d 557 (1980). Absent such a *prima facie* showing, the motion must be denied, regardless of the sufficiency of the opposing papers (*Alvarez v Prospect Hospital,* 68 NY2d 320, 324 [1986]).

However, "[o]nce the movant makes the required showing, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the

**154454/2021   CARCHI, JAIME vs. UWS PROPERTY OWNER LLC ET AL**
  **Motion No.  001 001**

**Page 2 of 5**

existence of a material issue of fact that precludes summary judgment and requires a trial" (*Dallas-Stephenson v Waisman,* 39 AD3d 303, 306 [1st Dept 2007], citing *Alvarez,* 68 NY2d at 324). "[A]ll of the evidence must be viewed in the light most favorable to the opponent of the motion" (*People v Grasso,* 50 AD3d 535,544 [1st Dept 2008]).

"On a motion for summary judgment, the court's function is issue finding, not issue determination, and any questions of credibility are best resolved by the trier of fact" (*Martin v Citibank, N.A.,* 64 AD3d 477,478 [1st Dept 2009]; *see also Sheehan v Gong,* 2 AD3d 166,168 [1st Dept 2003] ["The court's role, in passing on a motion for summary judgment, is solely to determine if any triable issues exist, not to determine the merits of any such issues"], *citing Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404 [1957]).

Labor Law § 240(1) provides:

All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

Not every worker who falls at a construction site, and not every object that falls on a worker, gives rise to the extraordinary protections of Labor Law § 240(1). Rather, liability is contingent upon the existence of a hazard contemplated in section 240(1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein (*see, Ross v. Curtis–Palmer Hydro–Elec. Co.,* 81 N.Y.2d 494, 501, 601 N.Y.S.2d 49, 618 N.E.2d 82).

"To establish liability under Labor Law §240(1), a plaintiff must demonstrate that the defendants violated the statute and that this violation was a proximate cause of his injuries." *Melchor v. Singh*, 90 A.D.3d 866, 867 (2d Dep't 2011). If a violation of the statute is established

**154454/2021   CARCHI, JAIME vs. UWS PROPERTY OWNER LLC ET AL**
**Motion No.  001 001**

Page 3 of 5

[* 3]

3 of 5

as a proximate cause of the accident, plaintiffs conduct cannot be deemed the sole proximate cause. *Id*. at 867.

The decisive question is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential.  In determining whether an elevation differential is physically significant versus *de minimis*, the weight of the falling object and the amount of force it was capable of generating, even over the course of a relatively short descent, must be taken into account (*Runner v. New York Stock Exch., Inc.*, 13 NY3d 599, [2009]).

Plaintiff fails to make a *prima facie* showing on this point.  Plaintiff in his testimony "estimated" the boards on the cart weighed as much as 1500 pounds. Plaintiff's expert opines the weight was 50-75% less than that. No other admissible evidence is relied upon by Plaintiff in this regard. Questions of fact remain as to the total weight of the load on the cart and the amount of force it could generate.

The cases cited by plaintiff to assert a 240(1) claim despite the lack of a significant height differential all involved falling objects where the weight was known and a determination was made that due to the force generated by such a heavy object it properly fell within 240(1). (*see eg Marrero v 2075 Holding Co. LLC* 106 AD3d 408 (1st Dept., 2013)(*A-frame cart contained two 500 pound steel beams*).

In this case plaintiff's own evidence raises an issue of fact as to the weight of the boards on the cart.  The moving papers do not address in detail the basis for either plaintiff's estimation of 1200-1500 pounds or the basis for plaintiff's expert to assert the size and weight of the boards on the cart.  Based on the foregoing, the Court finds Plaintiff has failed to make a *prima facie* case.

154454/2021   CARCHI, JAIME vs. UWS PROPERTY OWNER LLC ET AL
Motion No.  001 001

Page 4 of 5

Additionally, the Court finds the affidavit of plaintiff's expert to be wholly conclusory on the other claims made regarding whether an A Frame Cart is appropriate for transporting such boards and whether additional safety devices should have been provided to secure the boards.

As to Defendant's cross-motion, it is admittedly untimely and no explanation was offered for the delay, as such the Court declines to exercise its discretion to consider the untimely motion. See eg *Kershaw v. Hosp. for Special Surgery*, 114 A.D.3d 75, 83, (1st Dept., 2013).

WHEREFORE it is hereby:

ORDERED that the motion and cross-motion are denied; and it is further

ORDERED that Plaintiff shall, within 20 days from entry of this order, serve a copy of this order with notice of entry upon counsel for all parties hereto and upon the Clerk of the General Clerk's Office; and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh);]; and it is further

ORDERED that counsel appear for a virtual pre-trial conference on January 30, 2025, at 3:00 PM, at which time a final trial date will be scheduled.

This constitutes the decision and order of this court.

20250102123556SBKRAUS3D05E7AAB39749DE8F743A765237E9E0

| **1/2/2025** | | | | **SABRINA KRAUS, J.S.C.** | |
|---|---|---|---|---|---|
| **DATE** | | | | | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 5]