Restrepo v Bushwick Realty Holdings, LLC (2025 NY Slip Op 05981)

Restrepo v Bushwick Realty Holdings, LLC

2025 NY Slip Op 05981

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2022-06582
 (Index No. 501722/18)

[*1]William Restrepo, appellant, 
v
Bushwick Realty Holdings, LLC, et al., respondents.

Gorayeb & Associates, P.C., New York, NY (John M. Shaw of counsel), for appellant.
Fuchs Rosenzweig PLLC, New York, NY (Douglas R. Rosenzweig and Shannon E. Fillmore of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lisa S. Ottley, J.), dated July 15, 2022. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and denied the plaintiff's cross-motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1), and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
The plaintiff, an employee of Capital Concrete NY, Inc., commenced this action against the defendants, alleging, inter alia, a violation of Labor Law § 240(1) in connection with the plaintiff's fall from an A-frame ladder. Following the completion of discovery, the defendants moved for summary judgment dismissing the complaint. The plaintiff cross-moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). By order dated July 15, 2022, the Supreme Court, among other things, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and denied the plaintiff's cross-motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The plaintiff appeals.
"Labor Law § 240(1) imposes a nondelegable duty and absolute liability upon owners and general contractors and their agents to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (Von Hegel v Brixmor Sunshine Sq., LLC, 180 AD3d 727, 728 [alteration and internal quotation marks omitted]; see Garcia v Fed LI, LLC, 239 AD3d 942). To prevail on a claim under Labor Law § 240(1), a plaintiff must prove (1) that the defendant violated Labor Law § 240(1), and (2) that such violation was a proximate cause of his or her injuries (see [*2]Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289-290). Where there is no statutory violation, or where the plaintiff is the sole proximate cause of his or her own injuries, there can be no recovery under Labor Law § 240(1) (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 290). "[W]here an accident is caused by a violation of the statute, the plaintiff's own negligence does not furnish a defense" (Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39).
"Whether a device provides proper protection is a question of fact, except when the device collapses, moves, falls, or otherwise fails to support the plaintiff and his or her materials" (Melchor v Singh, 90 AD3d 866, 868). With respect to ladders, "liability will be imposed when the evidence shows that the subject ladder was . . . inadequately secured and that . . . the failure to secure the ladder[ ] was a substantial factor in causing the plaintiff's injuries" (Canas v Harbour at Blue Point Home Owners Assn., Inc., 99 AD3d 962, 963 [internal quotation marks omitted]; see Von Hegel v Brixmor Sunshine Sq., LLC, 180 AD3d at 729).
Although comparative fault is not a defense to the strict liability of the statute, where the plaintiff is the sole proximate cause of his or her own injuries, there can be no liability under Labor Law § 240(1) (see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d at 39; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 289-290). A plaintiff may be the sole proximate cause of his or her own injuries when "he or she (1) had adequate safety devices available, (2) knew both that the safety devices were available and that [he or she was] expected to use them, (3) chose for no good reason not to do so, and (4) would not have been injured had [he or she] not made that choice" (Guaman-Sanango v 57 E. 72nd Corp., 227 AD3d 677, 679 [internal quotation marks omitted]; see Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1167-1168).
Here, neither the plaintiff nor the defendants submitted evidence sufficient to establish their prima facie entitlement to summary judgment. The defendants failed to demonstrate, inter alia, that the plaintiff was provided with adequate safety devices and that, therefore, there was no violation of Labor Law § 240(1) (see Von Hegel v Brixmor Sunshine Sq., LLC, 180 AD3d 727), and the plaintiff failed to establish, prima facie, that a failure by the defendants to provide an adequate safety device was a proximate cause of his accident (see Acosta v Shanahan Group, LLC, 240 AD3d 557).
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1), and the court properly denied the plaintiff's cross-motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
DUFFY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court