◼ Francisco Blandon et al., Respondents, v Advance Contracting Co., Inc., Appellant and Third-Party Plaintiff, et al., Defendant. KNR, Inc., Third-Party Defendant-Appellant. Advance Contracting Co., Inc., et al., Second Third-Party Plaintiffs, v Investment Properties Associates et al., Second Third-Party Defendants-Appellants. [695 NYS2d 36] —Judgment, Supreme Court, New York County (Edward Greenfield, J.), entered March 12, 1998, which, after jury trial, to the extent appealed from, held one defendant and the third-party defendants liable to plaintiffs on a structured verdict, unanimously reversed, on the law, without costs, and the complaint as against defendant-appellant Advance Contracting Co. dismissed and the third-party complaints on behalf of Advance Contracting Co. and KNR dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff Francisco Blandon was a maintenance foreman and security guard working the night shift at 1440 Broadway, a building in Manhattan owned by second third-party defendant Investment Properties Associates (IPA, his employer), and

managed by second third-party defendant Helmsley-Spear (his paying agent). In January 1994 the building was undergoing renovation for a new tenant. Defendant Advance Contracting Co. had the contract to remove a metal spiral staircase, where defendant Sal Maurice & Sons was to construct a new wall. The discarded staircase was to be carted from the premises by third-party defendant KNR.

The beginning of Francisco's shift overlapped that of the building superintendent by about an hour. Before the super left the scene, he and another security guard shut down the lights and locked the front door at the work site, leaving in semi-darkness the area where the staircase had been removed. Some time later, a fellow employee approached Francisco to report an unlocked door to the tenant area. The night watchmen were under instruction not to enter tenant space, but rather to secure any unlocked door from the outside. Instead of going to the superintendent's office for the key, Francisco decided to show his fellow watchman how to lock the door, without a key. He proceeded to the area without a flashlight, intending to lock the door from the inside and return to the lobby via the spiral staircase. Unaware that the staircase had been removed that day, Francisco fell through the opening, suffering grievous injury.

Cross claims among the defendants were converted to third-party claims at the close of trial. Plaintiffs now argue that IPA/Helmsley-Spear should have remained as direct defendants, rather than being reconfigured as third-party defendants, notwithstanding the fact that they never objected to this reconfiguration at the time. Furthermore, plaintiffs urge that we exercise our discretionary authority to amend the pleadings to conform to the proof, making third-party defendant KNR also a direct defendant, even though they never moved for such relief before the trial court. We are without authority to grant such relief, inasmuch as plaintiffs never cross-appealed from the judgment.

Plaintiffs initially alleged violations of the Labor Law, but later conceded that there was no Scaffold Act (Labor Law § 240) violation. The trial court denied a motion by KNR, joined by Advance and IPA/Helmsley-Spear, to dismiss the claim under section 241 (6), on the ground that a night watchman was not entitled to the protection of the Labor Law. This ruling was error.

Labor Law § 241 (6) guarantees a reasonably safe work environment for employees and those "lawfully frequenting such places." The statute is limited to affording protection for

those actually employed to work on a construction site, i.e., "a 'plaintiff must demonstrate that he was both permitted or suffered to work on a building or structure and that he was hired by someone, be it owner, contractor or their agent' ", for that purpose. (*Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 576-577, quoting *Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971.) Not every employee lawfully on the property is necessarily affiliated with the construction work (*Gibson v Worthington Div.*, 78 NY2d 1108), or is otherwise "frequenting the premises within the meaning of Labor Law § 241 (6)" (*Farrell v Dick Enters.*, 227 AD2d 956). The statutory protection does not extend, for example, to employees performing routine maintenance tasks at a building that happens to be undergoing construction or renovation (*Agli v Turner Constr. Co.*, 246 AD2d 16), or duties as a night watchman or security guard (*Shields v St. Marks Hous. Assocs.*, 230 AD2d 903, *lv denied* 91 NY2d 806).

As an employee of IPA/Helmsley-Spear, Francisco's remedy was limited to workers' compensation. He was not among the class of workers entitled to protection under Labor Law § 241 (6). Concur—Ellerin, P. J., Rosenberger, Wallach and Saxe, JJ.