Minholz v Columbia Univ. (2023 NY Slip Op 06813)

Minholz v Columbia Univ.

2023 NY Slip Op 06813

Decided on December 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 28, 2023

Before: Manzanet-Daniels, J.P., Webber, Friedman, Shulman, Rosado, JJ. 

Index No. 151121/19 Appeal No. 1332 Case No. 2023-03891 

[*1]Bryan Minholz et al., Plaintiffs-Appellants,
v
Columbia University, Defendant-Respondent.

Finkelstein & Partners, LLP, Newburgh (Andrew L. Spitz of counsel), for appellants.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Nicole A. Verzillo of counsel), for respondent.

Order, Supreme Court, New York County (Richard Latin, J.), entered April 17, 2023, which, insofar as appealed from, granted defendant's motion for summary judgment dismissing plaintiffs' Labor Law §§ 200, 240(1), and 241(6) claims, unanimously affirmed, without costs.
Defendant established, prima facie, that plaintiff, an employee of a nonparty moving and logistics company, is not among the class of persons entitled to invoke the protections of Labor Law §§ 200, 240(1), and 241(6) as a basis for recovery (see Gibson v Worthington Div. of McGraw-Edison Co. , 78 NY2d 1108, 1109-1110 [1991]; Blandon v Advance Contr. Co. , 264 AD2d 550, 551-552 [1st Dept 1999], lv denied 94 NY2d 754 [1999]). It is undisputed that plaintiff's employer was hired by defendant to move a large computer server rack, among other large items, and plaintiff was injured when the server fell on his foot while he and a colleague were transporting the server rack.
In opposition, plaintiffs failed to raise a triable of fact by arguing that relocation of the computer server rack was "necessary and incidental" to demolition work, thus extending the statute's protections to plaintiff, based on deposition testimony that the room originally housing the server rack was about to be gutted (see Longo v Metro-North Commuter R.R. , 275 AD2d 238, 239 [1st Dept 2000]). Contrary to plaintiffs' contention, even if the server rack was being moved in anticipation of demolition work, there is no evidence that construction was ongoing at the time of plaintiff's accident to bring this activity within the ambit of the Labor Law (see Blandon , 264 AD2d at 552 [wherein the court observed, "[n]ot every employee lawfully on the property is necessarily affiliated with the construction work," citing Gibson v Worthington Div. of McGraw-Edison Co. , 78 NY2d 1108 [1991], or is otherwise "'frequenting the premises within the meaning of Labor Law § 241(6),'" quoting Farrell v Dick Enters. , 227 AD2d 956, 956 [4th Dept 1996)], lv denied 94 NY2d 754 [1999]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2023