Bravo v 609 W 56th St. Prop., LLC (2025 NY Slip Op 00208)

Bravo v 609 W 56th St. Prop., LLC

2025 NY Slip Op 00208

Decided on January 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2022-09836
 (Index No. 701475/19)

[*1]Manuel Bravo, respondent, 
v
609 W 56th Street Property, LLC, etc., appellant.

Katz & Rychik, P.C., New York, NY (Abe M. Rychik and Michael J. Taub of counsel), for appellant.
Edelman, Krasin & Jaye, PLLC, Westbury, NY (Monica P. Becker of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Lourdes M. Ventura, J.), entered October 27, 2022. The order granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6).
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured while working at a construction site in Manhattan. According to the plaintiff, the accident occurred when he slipped on oil underneath sand on the fourth floor of the site. In addition, according to the plaintiff, before he slipped, he had been cleaning up debris from the demolition of sheetrock walls, as he had been instructed to do by his foreman, and slipped while walking to get a broom and a shovel.
The plaintiff commenced this action to recover damages for personal injuries against the defendant, which owned the building being constructed, asserting, inter alia, a cause of action to recover damages for a violation of Labor Law § 241(6). The Labor Law § 241(6) cause of action was predicated upon a violation of 12 NYCRR 23-1.7(d).
The plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6). In an order entered October 27, 2022, the Supreme Court granted the motion. The defendant appeals.
"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (Aragona v State of New York, 147 AD3d 808, 809 [internal quotation marks omitted]). "A violation of an explicit and concrete provision of the Industrial Code by a participant in a construction project constitutes some evidence of negligence, for which the owner or general contractor may be held vicariously liable" (Melchor v Singh, 90 AD3d 866, 870; see Fusca v A & S Constr., LLC, 84 AD3d 1155, 1156; Mulhern v Manhasset Bay Yacht Club, 22 AD3d 470, 471; Edwards v C & D Unlimited, 295 AD2d 310, 311). To establish liability under Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code provision that is applicable [*2]under the circumstances of the case (see Wittenberg v Long Is. Power Auth., 225 AD3d 730; Zaino v Rogers, 153 AD3d 763, 764; Aragona v State of New York, 147 AD3d at 809). Here, as a predicate for liability pursuant to Labor Law § 241(6), the plaintiff alleged that he was injured as a result of a violation of 12 NYCRR 23-1.7(d). 12 NYCRR 23-1.7(d), which relates to slipping hazards, provides that "[e]mployers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing."
The plaintiff met his prima facie burden of establishing that his injuries were proximately caused by a violation of 12 NYCRR 23-1.7(d) by submitting a transcript of his deposition testimony, in which he testified that, while cleaning up debris from the demolition of sheetrock walls, as he was instructed to do by his foreman, and walking to get a broom and a shovel, he slipped and fell when he stepped on oil, a foreign substance, underneath sand on the floor.
In opposition to the plaintiff's prima facie showing, the defendant failed to raise a triable issue of fact. The defendant did not offer any evidence, other than mere speculation, to refute the plaintiff's showing or to raise a triable issue of fact as to whether the accident occurred (see Cardenas v 111-127 Cabrini Apts. Corp., 145 AD3d 955, 957).
The defendant's remaining contention is not properly before this Court (see Yasso v Town of Brookhaven, 219 AD3d 784, 787; Deutsche Bank Natl. Trust Co. v Smith, 211 AD3d 817, 819-820).
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6).
BRATHWAITE NELSON, J.P., MILLER, FORD and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court