**Mendez v Site 5 DSA Owner LLC**

2025 NY Slip Op 30458(U)

February 3, 2025

Supreme Court, Kings County

Docket Number: Index No. 514573/2017

Judge: Anne J. Swern

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Trial Term, Part 75 of the
Supreme Court of the State of New York,
Kings County, at the Courthouse located at
360 Adams Street, Brooklyn, New York on
the 3rd day of February 2025.

P R E S E N T:

HON. ANNE J. SWERN, J.S.C.

-------------------------------------------------------------X

SHAWN MENDEZ,

                                   Plaintiff,

      -against-

SITE 5 DSA OWNER LLC., BFC PARTNERS
DEVELOPMENT, LLC, TACONIC INVESTMENT
PARTNERS, LLC., L&M DEVELOPMENT
PARTNERS LLC., ESSEX CROSSING
BUILDERS, LLC., EARTH STRUCTURES, INC.
ESI NOBLE, LLC and ALL-SAFE LLC,

                                  Defendants,

-------------------------------------------------------------X

SITE 5 DSA OWNER LLC and ESSEX
CROSSING BUILDERS, LLC,

                          Third-Party Plaintiffs,

      -against-

CALL-A-HEAD CORP.,

                          Third-Party Defendant.

-------------------------------------------------------------X

SITE 5 DSA OWNER LLC and ESSEX
CROSSING BUILDERS, LLC,

                 Second Third-Party Plaintiffs,

      -against-

ALL-SAFE LLC and AXIS INSURANCE COMPANY,

                 Second Third-Party Defendants.

-------------------------------------------------------------X

Index No.:    514573/2017

Motion Seq.:   11, 12, 13, 14, 15 & 16

Return Date:  7/25/2024

*Recitation of the following papers as required by CPLR 2219 (a):*

[*1]

<b>Papers<br>Numbered</b>

**MS_11** Plaintiff's Notice of Motion, Affirmation/Affidavits,
Statement of Material Facts, Memorandum of Law
and Exhibits (NYSCEF 313-332) .................................................1, 2

All-Safe, LLC's Affirmation in Opposition, Exhibits,
Memorandum of Law and Response to Statement
Of Material Facts (NYSCEF 416-428) ...........................................3

SITE 5 DSA Owner LLC and Essex Crossing Builders,
LLC's Affirmation in Opposition, Exhibits,
Memorandum of Law (NYSCEF 457-461) .......................................4

Plaintiff's Reply Affirmation (NYSCEF 500) .................................5

**MS_12** All-Safe, LLC's Notice of Motion, Affirmation/Affidavits,
Statement of Material Facts, Memorandum of Law
and Exhibits (NYSCEF 333-348) ...............................................6, 7

Plaintiff's Memorandum of Law in Opposition and
Response to Statement of Material Facts (NYSCEF 412-413) ............8

Earth Structures, Inc. and ESI Noble LLC's Response
to Statement of Material Facts (NYSCEF 449-450)...........................9

SITE 5 DSA Owner LLC and Essex Crossing Builders,
LLC's Affirmation in Opposition, Exhibit, and
Response to Statement of Material Facts (NYSCEF 503-505) ...........10

All-Safe, LLC's Response to Plaintiff's Statement of
Material Facts and Memorandum of Law in Reply (NYSCEF 333-348)........11

**MS_13** Call-A-Head's Notice of Motion, Affirmation/Affidavits,
Statement of Material Facts, and Exhibits (NYSCEF 349-372).............12, 13

SITE 5 DSA Owner LLC and Essex Crossing Builders,
LLC's Affirmation in Opposition, Exhibit, and
Response to Statement of Material Facts (NYSCEF 451-456) ...........14

Call-A-Head's Affirmation in Reply
with Exhibit (NYSCEF 511-512) .................................................15

|  |  | Papers Numbered |
|---|---|---|
| MS_14 | SITE 5 DSA Owner LLC and Essex Crossing Builders, LLC's Notice of Motion, Affirmation/Affidavits, Statement of Material Facts, and Exhibits (NYSCEF 373-405) | 16, 17 |
|  | Plaintiff's Memorandum of Law in Opposition and Response to Statement of Material Facts (NYSCEF 414-415) | 18 |
|  | All-Safe, LLC's Affirmation in Opposition, Exhibits, Memorandum of Law and Response to Statement Of Material Facts (NYSCEF 429-442) | 19 |
|  | Earth Structures, Inc. and ESI Noble LLC's Response to Statement of Material Facts (NYSCEF 447-448) | 20 |
|  | SITE 5 DSA Owner LLC and Essex Crossing, Builders LLC's Affirmation in Reply to All-Safe, LLC's Opposition (NYSCEF 506) | 21 |
|  | SITE 5 DSA Owner LLC and Essex Crossing, Builders LLC's Affirmation in Reply to Plaintiff's Opposition (NYSCEF 510) | 22 |
| MS_15 | AXIS Insurance Company's Notice of Motion, Affirmation/Affidavits, Statement of Material Facts, and Exhibits (NYSCEF 409-411) | 23, 24 |
|  | SITE 5 DSA Owner LLC and Essex Crossing, Builders LLC's Affirmation in Opposition with Exhibits (NYSCEF 478-484) | 25 |
|  | AXIS Insurance Company's Reply Affirmation with Exhibit (NYSCEF 496-497) | 26 |
| MS_16 | Earth Structures, Inc. and ESI Noble LLC's Notice of Cross-Motion, Memorandum of Law, Statement of Material Facts, and Exhibits (NYSCEF 443-446) | 27, 28 |
|  | Plaintiff's Memorandum of Law in Opposition with Exhibit (NYSCEF 466-467) | 29 |
|  | SITE 5 DSA Owner LLC and Essex Crossing, Builders LLC's Affirmation in Opposition and Response to Statement of Material Facts (NYSCEF 501-502) | 30 |

*Upon the foregoing papers, the decision and order of the Court is as follows:*

## Introduction

This is an action for personal injuries allegedly sustained by plaintiff in the course of his employment with CALL-A-HEAD CORP. on 11/29/2016[1] on the ground floor of 145 Clinton Street, New York, New York ("the premises"). SITE 5 DSA OWNER, LLC (Site 5), the owner of the premises, executed a general contract with ESSEX CROSSING BUILDERS (Essex), who then entered into subcontracts with EARTH STRUCTURES, INC. (Earth), ESI NOBLE, LLC (ESI), ALL-SAFE LLC (All-Safe), and CALL-A-HEAD CORP. (CAHC). As discussed below, all parties have moved for summary judgment in their favor except for All-Safe's insurance carrier, AXIS INSURANCE COMPANY (Axis). Axis has moved to amend its answer to the second third-party complaint.[2]

**Plaintiff (MS_11)**

Plaintiff moves for an order granting partial summary judgment on liability on his causes of action under Labor Law § 240 (1) and § 241 (6) (MS_11). The motion is denied as to plaintiff's cause of action under Labor Law § 240 (1) as plaintiff's injuries did not arise from a height differential. The motion is also denied as to Labor Law § 241 (6). Although plaintiff is entitled to the protections of Labor Law § 241 (6), his accidents were unwitnessed. Therefore, plaintiff's testimony concerning the happening of the accident and proximate cause is a question of credibility for the jury.

**Defendant/Second Third-Party Defendant All-Safe, LLC (MS_12)**

All-Safe, moves for an order dismissing plaintiff's complaint, the second third-party complaint, and all cross-claims against it (MS_12). The branch of the motion dismissing

---

[1] Plaintiff's Statement of Material Facts (SOMF) ¶14 (NYSCEF 314)
[2] The complaint and all cross-claims have been discontinued against BFC PARTNERS DEVELOPMENT LLC, TACONIC INVESTMENT PARTNERS LLC, and L&M DEVELOPMENT PARTNERS, INC. (NYSCEF 78).

plaintiff's complaint is granted since defendant was not the owner or general contractor or their agent and did not direct, supervise, or control plaintiff's work under Labor Law § 200, § 240 (1) and § 241 (6). The balance of the motion seeking dismissal of the cross-claims and second third-party complaint is denied.

### Third-Party Defendant Call-A-Head Corp. (MS_13)

CAHC has moved for an order permitting it to amend its answer to add the affirmative defense that § 11 of the Workers' Compensation Act bars the third-party action and thereafter dismiss the third-party complaint. The motion is granted. The third-party complaint is dismissed in its entirety.

### Defendants/Third-Party Plaintiffs/Second Third-Party Plaintiffs Site 5 and Essex (MS_14)

Site 5 and Essex have moved for an order (1) dismissing plaintiff's complaint and all cross-claims, granting summary judgment on its cross-claims for indemnification against All-Safe and ESI, 2) granting summary judgment on its cross-claims and third-party claims for indemnification against All-Safe and ESI and setting this matter down for a hearing on the issue of attorneys' fees and expenses. The motion to dismiss plaintiff's Labor Law § 240 (1) cause of action is granted. The branch of the motion to dismiss the Labor Law § 241 (6) cause of action is denied. The branch of the motion to dismiss the Labor Law § 200 cause of action is granted as to Site 5 and denied as to Essex. The branch of the motion for summary judgment on (a) its cross-claims and third-party claims for indemnification against All-Safe and ESI and setting this matter down for a hearing on the issue of attorneys' fees and expenses and (b) dismissing all cross-claims against them is denied.

**Second Third-Party Defendant Axis Insurance Company (MS_15)**

Axis has moved for an order permitting it to amend its answer to include (1) a counter-claim for a declaratory judgment that it has no duty to defend or indemnify Site 5 and Essex and (2) five additional affirmative defenses. The motion is granted based on the concessions of the Site 5, Essex and Axis to sever the second third-party action and engage in further discovery. Second Third-Party Defendant All-Safe has neither opposed nor taken a position on the motion.

**Defendants Earth Structures, Inc. and ESI Noble LLC (MS_16)**

Earth and ESI have moved for an order dismissing plaintiff's complaint and all cross-claims against them. The motion dismissing plaintiff's complaint is granted since defendants were not an owner or general or contractor or their agent and did not direct, supervise, or control plaintiff's work under Labor Law § 200, § 240 (1) and § 241 (6). The balance of the motion seeking dismissal of the cross-claims is denied.

## Facts

The owner of the premises, Site 5[3] and general contractor, Essex,[4] contracted to construct a mixed-use residential apartment building with commercial space on the ground floor.[5] Essex entered into a subcontract with All-Safe to construct a material hoist, platform, and ramp;[6] a rental agreement[7] with plaintiff's employer CAHC to supply, clean, and maintain portable restrooms for the workers on the project site;[8] a subcontract with ESI to perform excavation and

---

[3] Site 5's SOMF ¶13 (NYSCEF 374).
[4] Id. at ¶14
[5] Plaintiff's SOMF ¶22 (NYSCEF 314) and Site 5/Essex's Response to SOMF (NYSCEF 461, p.8).
[6] Plaintiff's SOMF ¶24 (NYSCEF 314) and Site 5/Essex's Response to SOMF (NYSCEF 461, p.8).
[7] The third-party complaint against Call-A-Head cites an indemnification clause in Articled 16.2 and 16.3" (NYSCEF 381, p.10, ¶21). However, the two-page rental agreement submitted by Site 5/Essex and Call-A-Head in support of their respective motions (Mot. Seq. 13 and 14) has only 14 paragraphs and no articles (NYSCEF 367 and 394). Neither party has offered proof of an additional agreement or contract. Call-A-Head's president attested that no other agreements could be located (See affidavit, ¶3[a] [NYSEF 367]).
[8] Plaintiff's SOMF ¶24 (NYSCEF 314) and Site 5/Essex's Response to SOMF (NYSCEF 461, p.8).

foundation work;[9] and a subcontract with Earth to "dig a footing"[10] and maintain the ground surface of the project.[11]

Per the subcontract between Essex and All-Safe, All-Safe agreed to the fullest extent permitted by law to indemnify, defend, and hold Essex [the Indemnified Party] harmless from and against any damages arising from (a) injury or death to any person, (b) the failure of All-Safe to comply with the requirements of the subcontract, (c) violations of law by All-Safe and its subcontractors, or (d) any other damage or loss in connection with the work.[12]

Similarly, CAHC agreed to (a) "in all events indemnify and hold harmless in respect to any and all claims or suits made or filed against [Essex] for bodily injury and/or property damage growing out of the use of the Property" and (b) pay all reasonable fees and costs of all collection, including reasonable attorneys' fees, incurred by [Essex] if it is required to institute legal proceedings to collect any amount due hereunder or otherwise enforce its rights."[13]

Per the rental agreement, CAHC was to provide the services three times per week.[14] Plaintiff's duties as a pump truck driver for CAHC included cleaning, draining, and filling the portable restrooms ("porta-potties") on the premises.[15]

It is alleged that plaintiff sustained his injuries as the result of two unwitnessed incidents while performing his work duties.[16] The porta-potties were located on a wooden deck approximately five feet off the ground and accessible by a wooden ramp covered with broken wire mesh.[17] To perform his duties, it was necessary for plaintiff to walk up the ramp to access

---

[9] Earth/ESI's SOMF ¶8 (NYSCEF 445) and Site 5/Essex's Response to SOMF ¶8 (NYSCEF 502); and see subcontract (NYSCEF 393).

[10] See Essex's deposition transcript at p.45, lines 2-7 (NYSCEF 323). A copy of the subcontract was not offered by any party.

[11] NYSCEF 324 pp.36-40

[12] Subcontract Terms and Conditions ¶1[e] and ¶10 (NYSCEF 366, p.6)

[13] Rental Agreement ¶¶13-14 (NYSCEF 394)

[14] p.1 (NYSCEF 367 and 394)

[15] Site 5/Essex SOMF ¶¶1-2 (NYSCEF 461)

[16] Site 5/Essex SOMF ¶¶5-14 (NYSCEF 461)

[17] Site 5/Essex SOMF ¶5 (NYSCEF 461)

the porta-potties. His duties included carrying a hose that was connected to his truck to clean and "pump out" the porta-potties.[18] While the pumping was in progress, plaintiff was returning to his truck to obtain "blue liquid" when he tripped and fell on the wire mesh on the ramp.[19] Plaintiff continued to work, and on his way back to the porta-potties, his left foot tripped in a dirt hole, causing him to fall; he was not on the ramp at the time.[20]

Essex testified that the schematics for the ramp, which included provision of the wire mesh, were prepared by All-Safe's professional engineer.[21] The witness for All-Safe contradicted Essex. All-Safe testified that the wire mesh was not part of the schematics and, if the witness had observed this condition, he would have removed the mesh.[22] However, both witnesses agreed that the wire mesh constituted an unnecessary tripping hazard.[23] The ramp on which plaintiff fell was part of the jobsite and the only means of access to the porta-potties.[24] It was Essex's project manager's responsibility to inspect the jobsite, respond to complaints and barricade any holes on the job site.[25]

## Discussion

### Summary Judgment

When deciding a summary judgment motion, the Court's role is solely to identify the existence of triable issues, and not to determine the merits of any such issues (*Vega v Restani Construction Corp.*, 18 NY3d 499, 505 [2012]) or the credibility of the movant's version of events (see *Xiang Fu He v Troon Management, Inc.*, 34 NY3d 167, 175 [2019] [internal citations

---

[18] Plaintiff's SOMF ¶6 (NYSCEF 314) and Site 5/Essex's Response to SOMF (NYSCEF 461, p.3).
[19] Site 5/Essex SOMF ¶6 (NYSCEF 461)
[20] Site 5/Essex SOMF ¶11-12 (NYSCEF 461)
[21] NYSCEF 322, 48:1-13
[22] NYSCEF 325, pp.53-54, 62, 64, 68-29, 154
[23] NYSCEF 322, pp. 62-63 and NYSCEF 325, pp.50-51, 55
[24] NYSCEF 322, 71:9-25, 72:1-16 and NYSCEF 325, p.43
[25] NYSCEF 324, pp.36-40, 56-67

[* 8]

omitted]). The Court views the evidence in the light most favorable to the nonmoving party, affording them the benefit of all reasonable inferences that can be drawn from the evidence (*see Negri v Shop & Stop, Inc.*, 65 NY2d 625, 626 [1985]). The motion should be denied where the facts are in dispute, where different inferences may be drawn from the evidence, or where the credibility of the witnesses is in question (*see Cameron v City of Long Beach*, 297 AD2d 773, 774 [2d Dept. 2002]).

**Labor Law § 240 (1)**

It is well settled that Labor Law § 240 (1) "imposes a nondelegable duty and absolute liability upon owners and contractors for failing to provide safety devices necessary for workers subjected to elevation-related risks" who engage in activities covered by the statute and "suffered an injury as a direct consequence of a failure to provide adequate protection" against such risks (*Soto v J. Crew, Inc.*, 21 NY3d 562, 566 [2013] [internal citations omitted]). Such activities include, *inter alia*, cleaning a building or structure *(id.)*. However, not all cleaning activities come within the ambit of Labor Law § 240 (1). Cleaning cannot be characterized as a covered activity under the statute if the task:

> (1) is routine, in the sense that it is the type of job that occurs on a daily, weekly, or other relatively frequent and recurring basis as part of the ordinary maintenance and care of commercial premises;
>
> (2) requires neither specialized equipment or expertise nor the unusual deployment of labor;
>
> (3) generally involves insignificant elevation risks comparable to those inherent in typical domestic or household cleaning, and
>
> (4) in light of the core purpose of Labor Law § 240 (1) to protect construction workers, [it] is unrelated to any ongoing construction, renovation, painting, alteration, or repair project. (*Soto v J. Crew, Inc.*, 21 NY3d 568).

Finally, "the presence or absence of any one [factor] is not necessarily dispositive if, viewed in totality, the remaining considerations militate in favor of placing the task in one category or the other" (*Soto v J. Crew, Inc.*, 21 NY3d 569).

Here, the plaintiff regularly performed porta-potty cleaning services three times weekly, requiring specialized equipment to perform the cleaning services as part of the ongoing construction project at the premises. Therefore, as an employee of a subcontractor hired in connection with the ongoing construction at the premises, plaintiff is a worker contemplated by "the core purpose of Labor Law § 240 (1)" (*Soto v J. Crew, Inc.*, 21 NY3d 568-569; *cf. Blandon v Advance Constr. Co.*, 264 AD 2d 550 [1st Dept. 1999] [Plaintiff was the building's maintenance foreman and security manager who was not employed by a contractor or subcontractor hired as part of the construction project or performing duties related to the renovation work being performed at the premises.]).

The Court of Appeals case, *Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573 [1990] relied upon by defendants pre-dates the Court of Appeal's decision in *Soto* in 2013, which now extends protections to workers employed by a subcontractor who performs cleaning activities directly related to the construction project rather than ordinary building maintenance and cleaning activities by building employees or homeowners (*Soto v J. Crew, Inc.*, 21 NY3d 569). Under the facts presented, plaintiff's cleaning of the porta-potties is not comparable to the commercial or domestic cleaning of toilets *(id.)*.[26]

However, plaintiff's motion for summary judgment on the cause of action under Labor Law § 240 (1) is denied (MS_11), and the motion for summary judgment dismissing this cause of action by defendants Site 5 and Essex is granted (MS_14). Plaintiff's testimony establishes

---

[26] It is of no significance that plaintiff was not carrying the hose at the time he fell (*See* All-Safe's Memorandum of Law (NYSCEF 427, p.11).

that he did not fall off the ramp or otherwise fall from a height to the ground; there was no height differential (*See Narducci v Manhattan Bay Associates*, 96 NY2d 259, 270 [2001]). Plaintiff fell forward landing on the ramp, not the ground.[27] To hold otherwise, would eviscerate the difference between Labor Law § 240 (1) and §241 (6). Likewise, the motions for summary judgment on plaintiff's Labor Law § 240 (1) cause of action by All-Safe, Earth and ESI are granted (MS_12 and MS_15). Additionally, the subcontractors, All-Safe, Earth and ESI, are not an owner nor general contractor or their agent as defined by the statute warranting dismissal of the plaintiff's complaint against them.

**Labor Law §241 (6)**

"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers. A violation of an explicit and concrete provision of the Industrial Code by a participant in a construction project constitutes some evidence of negligence, for which the owner or general contractor may be held vicariously liable" (*Bravo v 609 W. 56th Street Property, LLC*, __ AD3d __, 2025 NY Slip Op 00208 *1 [2d Dept. 2025] [internal quotations and citations omitted]). However, summary judgment pursuant to Labor Law § 241 (6) is a fact specific analysis because the statute is not self-executing since the predicate for liability is within varying rules, regulations or industry standards to determine defendants' negligence (*see Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 523 [1985] [internal citations omitted]; and *Buckley v Columbia Grammar and Preparatory School*, 44 AD3d 263, 271, [1st Dept., 2007]).

To prevail on summary judgment, plaintiff must establish that he "was engaged in a type of work which falls within the scope of Labor Law §241 (6), specifically, whether the injury

---

[27] NYSCEF 320, 83:10-25, pp.84-86

occurred in an area in which construction, excavation or demolition work is being performed" (*Vernieri v Empire Realty Co.,* 219 AD2d 593, 595 [2d Dept. 1995] [internal quotations omitted]). The standard for determining whether plaintiff's work falls within the ambit of Labor Law § 241 (6) is governed by 12 NYCRR 23-1.4 (b) (13), which reads as follows: "All work of the types performed in the construction, erection, alteration, repair, maintenance, painting or moving of buildings or other structures" *(id.)*.

Once the predicate for liability is established, the plaintiff "must [then] demonstrate that [his] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (*Bravo v 609 W. 56th Street Property, LLC,* 2025 NY Slip Op 00208 *1).

Plaintiff has established as a matter of law that (1) he is a worker entitled to the protections of Labor Law §241 (6), and (2) dangerous and hazardous tripping conditions in violation of 12 NYCRR 23-1.7 (e) (1) and 12 NYCRR 23-1.7 (e) (2) existed on the job site at the time of his accidents (*Bravo v 609 W. 56th Street Property, LLC, supra* [Summary judgment granted to worker cleaning debris who was injured while getting a broom and shovel.]; and *Romano v New York City Transit Authority,* 213 AD3d 506, 507-508 [2d Dept. 2023] [Summary judgment granted to worker injured while cleaning debris.]). However, since plaintiff was the sole witness to the happening of the two accidents, his credibility has been placed at issue rendering summary judgment inappropriate (*see Woszczyna v BJW Assoc,* 31 AD3d 754, 755 [2d Dept. 2006]). The jury must determine whether the statutory violations were the proximate cause of his injuries *(id.)*, plaintiff's comparative negligence and the apportionment of liability between all defendants. Thus, plaintiff's motion for summary judgment is granted only on two

issues (a) his status as a protector worker and (b) the existence of statutory violations under Labor Law § 241 (6).

All-Safe's argument that the causal relationship between the statutory violation vis-à-vis the broken mesh on the ramp and plaintiff's injuries is also a question of fact for the jury as between Essex, Site 5 and All-Safe based on the conflicting testimony concerning the placement of the wire mesh on the ramp (*see Cameron v City of Long Beach*, 297 AD2d 773, 774 [2d Dept. 2002] [The motion should be denied where the facts are in dispute, where different inferences may be drawn from the evidence, or where the credibility of the witnesses is in question.]). Therefore, the motions for summary judgment on the cross-claims by Essex, Site 5 and All-Safe are denied.

Again, each of the subcontractors, All-Safe, Earth and ESI, is not an owner nor general contractor as defined by the statute. Therefore, their motions to dismiss plaintiff's Labor Law § 241 (6) cause of action is granted. The balance of their motions is denied as to the cross-claims and second third-party complaint by Site 5 and Essex for indemnification and contribution.

**Labor Law § 200**

Labor Law § 200 (1), only applies to owners, general contractors, or their agents and is a codification of their common-law duty to maintain a safe workplace (*Delaluz v Walsh*, 228 AD3d 619, 621 [2d Dept. 2024]). "An implicit precondition to [the] duty to provide a safe place to work is that the party charged with that responsibility have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" *(id.* [internal citations and quotations omitted]). "A party is deemed to be an agent of an owner or general contractor under the Labor Law when it has the "ability to control the activity which brought

about the injury" (*Guclu v 900 Eighth Avenue Condominium, LLC*, 81 AD3d 592, 593 [2d Dept. 2011]).

All-Safe, ESI, and Earth have demonstrated that they were not the agents of the owner or general contractor with the authority to control the activity bringing about the injury to either avoid or correct an unsafe condition *(id.)*. The motion to dismiss plaintiff's complaint as against them is granted.

As to Site 5 and Essex, the ability to control the means and methods of plaintiff's work is not the only basis for imposing liability under Labor Law § 200 upon an owner and general contractor. "Where a plaintiff's injuries stem not from the manner in which the work was being performed, but, rather, from a dangerous condition on the premises, [an owner and/or general contractor] may be liable under Labor Law § 200 if it either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition" (*Banscher v Actus Lend Lease, LLC*, 132 AD3d 707, 709 [2d Dept. 2015]). However, Labor Law § 200 does not impose vicariously liability on owners or general contractors (*Marte v. Tishman Construction Corporation*, 233 AD3d 527, 527 [2d Dept. 2024]).

The evidence establishes as a matter of law that (1) plaintiff is a worker entitled to the protections of Labor Law § 200, and (2) dangerous and hazardous tripping conditions existed on the job site at the time of his accidents (*Bravo v 609 W. 56th Street Property, LLC, supra*). Again, since plaintiff was the sole witness to the happening of the two accidents, his credibility has been placed at issue rendering summary judgment inappropriate (*see Woszczyna v BJW Assoc*, 31AD3d 755).

Therefore, it is a question of fact for the jury whether Essex's project superintendent and/or All-Safe were negligent in failing to discover and remedy the obvious tripping hazards

that are alleged to be the proximate cause of plaintiff's injuries during inspections of the job site (*Nusio v Legend Autorama, Ltd.,* 219 AD3d 842, 844 [2d Dept. 2023] and *Ventimiglia v Thatch, Ripley & Co., LLC,* 96 AD3d 1043, 1046-1047 [2d Dept. 2012]). It is also a question of fact as to whether (1) Essex or All-Safe created the hazardous tripping condition by placing the wire mesh on the ramp, and (2) ESI and Earth created the hole by the ramp, both of which defeat summary judgment on defendants and third-party defendants' respective cross-claims, counterclaims and third-party claims. Finally, the jury must determine whether dangerous and hazardous tripping conditions were the proximate cause of plaintiff's injuries *(Woszczyna v BJW Assoc,* 31AD3d 755), plaintiff's comparative negligence and the apportionment of liability between all defendants.

However, as there is no evidence that the owner Site 5 created the hazardous conditions or had actual or constructive notice of their existence, plaintiff's Labor Law § 200 cause of action is also dismissed as to this defendant (*Marte v. Tishman Construction Corporation,* 233 AD3d 527).

## Exclusivity of Workers Compensation

Where, as here, "plaintiff has not sustained a 'grave injury,'[28] section 11 of the Workers' Compensation Law bars third-party actions against employers for indemnification or contribution unless the third-party action is for contractual indemnification pursuant to a written contract in which the employer *'expressly agreed'* to indemnify the claimant. Requiring the indemnification contract to be clear and express furthers the spirit of the legislation" (*Tonking v Port Authority of New York & New Jersey,* 3 NY3d 486, 490 [2004] [italics added]).

---

[28] A grave injury is defined as a permanent total disability under section 11, *i.e.,* an injury that results in (1) the unemployability in any capacity, which keeps with legislative intent and sets a more objectively ascertainable test than equivalent, or competitive, employment and/or (2) can participate in activities of daily living (*See Rubeis v Aqua Club Inc.,* 3 NY3d 408, 417 [2004]). Here, plaintiff has made no such claims.

In opposition to CAHC's motion, Essex and Site 5 failed to come forward with proof of the alleged contract set forth in the third-party summons and complaint. Therefore, "[w]here no prejudice is shown, the amendment may be allowed [as late as] during or even at trial" (*Murray v City of New York*, 43 NY2d 400, 405 [1977]). Here, Site 5 and Essex cannot demonstrate prejudice or surprise since plaintiff's pleadings, bill of particulars and the parties' testimony establish he was an employee of CAHC (*Murray v City of New York*, 43 NY2d 407 and *De Los Santos v Butkovich*, 126 AD3d 845, 846 [2d Dept. 2015]). Accordingly, CAHC's motion to amend the third-party answer to include the defense of §11 of the Workers Compensation Act is granted, the amended answer is deemed served and the motion to dismiss the third-party action and all cross-claims is granted.

## Conclusion

Accordingly, it is hereby

ORDERED that plaintiff's motion for summary judgment on the Labor Law § 240 (1) cause of action is denied (MS_011), and it is further

ORDERED that plaintiff's motion for summary judgment on the Labor Law § 241 (6) cause of action is granted on the issues of (1) plaintiff is a worker entitled to the protections of Labor Law §241 (6), and (2) dangerous and hazardous tripping conditions in violation of 12 NYCRR 23-1.7 (e) (1) and 12 NYCRR 23-1.7 (e) (2) existed on the job site at the time of his accidents, and it is further

ORDERED that plaintiff's motion for summary judgment on the Labor Law § 241 (6) cause of action on the issue of proximate cause is denied, and it is further

ORDERED that defendant ALL-SAFE LLC's motion for summary judgment dismissing plaintiff's complaint as against said defendant is granted (MS_012), and it is further

ORDERED that defendant ALL-SAFE LLC's motion for summary judgment to dismiss all cross-claims and the second third-party complaint against said defendant is denied (MS_012), and it is further

ORDERED that defendant CALL-A-HEAD CORP. motion for an order permitting it to amend its answer to add the affirmative defense that § 11 of the Workers' Compensation Act bars the third-party action and thereafter dismiss the third-party complaint is granted, the amended answer is deemed served and the third-party complaint and all cross-claims are dismissed against said defendant in their entirety (MS_13), and it is further

ORDERED that defendants SITE 5 DSA OWNER, LLC ("Site 5") and ESSEX CROSSING BUILDERS's motion for summary judgment dismissing plaintiff's Labor Law § 240 (1) cause of action as against them is granted (MS_014), and it is further

ORDERED that defendants SITE 5 DSA OWNER, LLC ("Site 5") and ESSEX CROSSING BUILDERS's motion for summary judgment dismissing plaintiff's Labor Law § 241 (6) cause of action against them is denied (MS_014), and it is further

ORDERED that defendant ESSEX CROSSING BUILDERS's motion for summary judgment dismissing plaintiff's Labor Law § 200 cause of action against it is denied (MS_014), and it is further

ORDERED that defendant SITE 5 DSA OWNER, LLC ("Site 5") motion for summary judgment dismissing plaintiff's Labor Law § 200 cause of action against it is granted (MS_014), and it is further

ORDERED that defendants SITE 5 DSA OWNER, LLC ("Site 5") and ESSEX CROSSING BUILDERS's motion for summary judgment dismissing all cross-claims and counter-claims against them is denied (MS_014), and it is further

ORDERED that defendants SITE 5 DSA OWNER, LLC ("Site 5") and ESSEX CROSSING BUILDERS's motion for an order granting summary judgment on its cross-claims and third-party claims for indemnification against ALL-SAFE LLC and ESI NOBILE, LLC ("ESI") and setting this matter down for a hearing on the issue of attorneys' fees and expenses, is denied (MS_14), and it is further

ORDERED that defendant AXIS INSURANCE COMPANY's motion to for an order pursuant to CPLR § 3025 (b) granting AXIS leave to amend its answer to include counterclaims and affirmative defenses against Defendants/Second Third-Party Plaintiffs Site 5 DSA Owner LLC and Essex Crossing Builders, LLC and severing the Second Third-Party action from this action is granted (MS_015), and it is further

ORDERED that Second Third-Party action is hereby severed from the main action and the Second Third-Party Plaintiffs' attorney shall e-file a commencement document together with a copy of this Order with the County Clerk, and pay any necessary fees, in order to obtain a new index number for the severed action, and it is further

ORDERED that defendants, EARTH STRUCTURES, INC. and ESI NOBLE, LLC's, cross-motion for summary judgment dismissing plaintiff's complaint as against them is granted (MS_016), and it is further

ORDERED that defendants, EARTH STRUCTURES, INC. and ESI NOBLE, LLC's, cross-motion for summary judgment to dismiss co-defendants' and third-party defendants' claims, counter-claims, and cross-claims against them is denied (MS_016).

This constitutes the decision and order of the Court.

ENTER:

_____
Hon. Anne J. Swern, J.S.C.
Dated: FEB 0 3 2025

For Clerks use only:

MG _____

MD _____

Motion seq. # _____